**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cameron Bernard Kartje, | No. CV-18-03240-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the Commissioner of Social Security Administration's ("Commissioner") denial of Plaintiff's application for disability insurance benefits under Title II of the Social Security Act ("Act"). Plaintiff filed a Complaint seeking judicial review of the decision (Doc. 1), and the Court now considers Plaintiff's Opening Brief (Doc. 14, "Pl. Br."), the Commissioner's Response (Doc. 18, "Def. Br."), Plaintiff's Reply (Doc. 19, "Reply"), and the Administrative Record (Doc. 13, "R."). For the following reasons, the decision is affirmed.

**I.    BACKGROUND**[1]

Plaintiff filed his application for benefits on October 6, 2014, alleging disability as of March 15, 2014. (R. at 15.) The application was denied at the initial and reconsideration levels, and a hearing before an administrative law judge ("ALJ") followed. (*Id.* at 15, 35–48.) The ALJ again denied Plaintiff's application, finding him not disabled in a written

---

[1]    The Court has reviewed the entirety of the medical evidence. In lieu of providing a detailed summary of it here, the Court will reference and incorporate particular evidence as appropriate in its analysis.

decision dated September 14, 2017.  (*Id.* at 15–24.)  Therein, the ALJ found Plaintiff had "severe"[2] impairments of lumbar disc herniation, spinal stenosis, essential hypertension, diabetes mellitus, and gout.  (*Id.* at 17.)  Despite these impairments, the ALJ found that Plaintiff had the residual functional capacity ("RFC")[3] to perform "light"[4] work with the following limitations and exceptions:

- frequent balancing;
- occasional stooping, kneeling, crouching, and crawling;
- occasional climbing of ramps and stairs;
- no climbing of ladders, ropes, or scaffolds;
- occasional exposure to cold, heat, wetness, humidity, and vibration; and
- no exposure to moving machinery or unprotected heights.

(*Id.* at 18.)  Based on this RFC assessment; Plaintiff's age, education, and work experience; and the testimony of a vocational expert ("VE"), the ALJ found that Plaintiff could perform past relevant work as a mail clerk and was therefore not disabled.  (*Id.* at 23–24.)  Afterward, the Appeals Council denied review and the decision became final.  (*Id.* at 1–3.)

## II.     LEGAL STANDARD

In reviewing a decision of the Commissioner, the Court only reviews issues raised by the party challenging the decision.  *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008); *see also Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998) ("[The Court] will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief.").  The Court may affirm, modify, or reverse the decision, with or without remanding the cause for a rehearing.  42 U.S.C. § 405(g).  The

---

[2]     An "impairment or combination of impairments" is "severe" if it "significantly limits [the] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c).

[3]     "[R]esidual functional capacity is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1).

[4]     "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b).

Court may set aside the decision only when it is not supported by "substantial evidence" or is based on legal error. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). "Substantial evidence means more than a mere scintilla, but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Id.* at 674–75; *see also Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997) ("[T]he key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that claimant is not disabled."). "Yet [the Court] must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Trevizo*, 871 F.3d. at 675. "[The Court] review[s] only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he [or she] did not rely." *Id.* "Even when the ALJ commits legal error, [the Court] uphold[s] the decision where that error is harmless." *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1099 (9th Cir. 2014). "An error is harmless if it is inconsequential to the ultimate nondisability determination, or if the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." *Id.* (citations and internal quotation marks omitted).

To determine whether a claimant is disabled under the Act, the ALJ engages in a five-step sequential analysis. 20 C.F.R. § 404.1520(a). The burden of proof is on the claimant for the first four steps but shifts to the ALJ at step five. *Ford v. Saul*, 950 F.3d 1141, 1148–49 (9th Cir. 2020). "Throughout the five-step evaluation, the ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Id.* at 1149 (citation and internal quotation marks omitted). At step one, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled, and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe"

medically determinable physical or mental impairment expected to last 12 months or more. *Id.* § 404.1520(a)(4)(ii). If not, the claimant is not disabled, and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. *Id.* § 404.1520(a)(4)(iii). If so, the claimant is disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is capable of performing past relevant work. *Id.* § 404.1520(a)(4)(iv). If so, the claimant is not disabled, and the inquiry ends. *Id.* If not, the ALJ proceeds to step five and determines whether the claimant can perform other work existing in significant numbers in the national economy based on the claimant's RFC, age, education, and work experience. *Id.* § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

**III.   ANALYSIS**

**A.   The ALJ Properly Evaluated the Medical Opinion Evidence.**

Plaintiff alleges the ALJ erred in evaluating statements and opinions from Thomas Fiel, DO, a treating physician, and Claire Moore, PAC, a treating physician's assistant. (Pl. Br. at 10–17; *see* R. at 22.)

In assessing a claimant's RFC, the ALJ considers "all of the relevant medical and other evidence," including medical opinion evidence. 20 C.F.R. § 404.1545(a)(3); *see* 20 C.F.R. § 404.1527. "[P]hysicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability–the claimant's ability to perform work." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). In general, medical opinions of treating sources are entitled to the greatest weight; opinions of examining, non-treating sources are entitled to lesser weight; and opinions of non-examining, non-treating sources are entitled to the least weight. *Id.* "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* An ALJ satisfies the substantial evidence requirement by "setting out a detailed and thorough summary of

the facts and conflicting evidence, stating his [or her] interpretation thereof, and making findings." *Id.* "The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). At the time of Plaintiff's hearing, a physician's assistant was not an "acceptable" medical source.[5] *Popa v. Berryhill*, 872 F.3d 901, 907 (9th Cir. 2017); *see generally* 20 C.F.R. § 404.1502(a). Thus, to reject the opinion of a physician's assistant, the ALJ needed to provide "germane" reasons. *Popa*, 872 F.3d at 906. In evaluating any medical opinion, regardless of source, the ALJ may consider: (1) whether the source examined the claimant; (2) the length, frequency, nature, and extent of any treatment relationship; (3) the degree of support the opinion has, particularly from objective medical evidence; (4) the consistency of the opinion with the record as a whole; (5) the source's specialization; and (6) "other factors." 20 C.F.R. §§ 404.1527(c)(1)–(6); *Trevizo*, 871 F.3d at 675; *see* 20 C.F.R. § 404.1527(f) (stating that these factors apply to opinions from sources who are not "acceptable" medical sources).

### 1. The ALJ properly rejected Dr. Fiel's letter.

First, the ALJ considered a June 17, 2015 statement from Dr. Fiel in which he summarized the progression of Plaintiff's impairments since July 24, 2014. (R. at 23, 918.) The ALJ noted that "Dr. Fiel reported at the time of this statement, he was unsure if [Plaintiff] had returned back to work." (*Id.* at 23.) As such, the ALJ did not give any weight to this statement because it "d[id] not provide any updated information regarding [Plaintiff's] impairments." (*Id.*) The Court finds no error. Because of Dr. Fiel's uncertainty, the letter provides no substantial evidence to support a finding of disability.

### 2. The ALJ properly rejected Dr. Fiel's limitations.

Next, the ALJ considered a "Disability Impairment Questionnaire" completed by

---

[5] Under current regulations, a physician's assistant *is* an "acceptable" medical source. 20 C.F.R. § 404.1502(a)(8).

Dr. Fiel on October 22, 2014.[6]  (*Id.* at 22, 340–44.)  Therein, Dr. Fiel opined that Plaintiff could never lift or carry 0-5 pounds and could only tolerate less than an hour of sitting, standing, and walking.  (*Id.* at 343.)  Furthermore, he opined that Plaintiff would be off task for 1/3 to 2/3 of the workday due to pain, fatigue, or other symptoms and would miss more than 3 days of work per month, which would be consistent with disability per VE testimony.  (*Id.* at 47, 342, 344.)

The ALJ assigned "little weight" to this opinion and found that it "rel[ied] heavily on the subjective report of symptoms and limitations provided by [Plaintiff], and the totality of the evidence does not support the subjective complaints." (*Id.* at 22.)  Further, the ALJ noted that "recent treatment records and diagnostic testing show[ed] [Plaintiff] was not as limited as Dr. Fiel assessed."  (*Id.* (citing *id.* at 345–74 [Exhibit 5F], 929–87 [Exhibit 17F]).)  The ALJ noted that "the remainder of the record" likewise failed to support Dr. Fiel's opinion. (*Id.*)  These were specific and legitimate reasons supported by substantial evidence.  Plaintiff's arguments to the contrary are unavailing.

In disputing the ALJ's finding that Dr. Fiel's opinion was based on his subjective complaints, Plaintiff notes that Dr. Fiel indicated, rather, that his opinion was based on an August 15, 2014 MRI.  (Pl. Br. at 11–12; *see* R. at 22, 340.)  The ALJ did note this as well but also noted that more "recent treatment records and diagnostic testing" showed Plaintiff was "not as limited as Dr. Fiel assessed." (R. at 22 (citing R. at 345–74, 929–87).)  The cited records indicate that in October 2014, Plaintiff presented with back pain with a herniated disc.  (*Id.* at 929.)  He then underwent spinal surgery in January 2015 and reported "feeling better" at a post-op appointment a couple weeks later.  (*Id.* at 934.)  At this visit, he denied "joint or muscle pain, or back pain" and his gait, balance, and motor were "normal."  (*Id.* at 935.)  Identical notations were made at virtually every appointment subsequent to this one.  (*Id.* at 938, 941, 946–47, 949, 952, 955.)  At one visit, however, it

---

[6] The Court notes that Dr. Fiel was "unsure" if Plaintiff's impairments were expected to last at least 12 months.  (R. at 340.)  In order for a claimant to be found disabled, they must have an impairment lasting "for a continuous period of at least 12 months." 20 C.F.R. § 404.1509.

was noted that he had "back pain with some mild stiffness" but also that he had "been doing much better with his neuropathy since he had his herniated disc at lumbar spine surgically fixed back in January." (*Id.* at 943–44.) At another visit, he reported back spasms. (*Id.* at 957.) Dr. Fiel assessed "[u]nstable" chronic lower back pain." (*Id.* at 958.) However, at the next appointment, there were no notes or reports of continuing problems with Plaintiff's back, but Plaintiff did report worsening pain in his left knee and exhibited mild swelling on examination. (*Id.* at 960–61.) Dr. Fiel ordered an X-ray which showed that Plaintiff had "[m]ild-to-moderate osteoarthritis of the left knee with associated severe degenerative changes in the proximal tibiofibular joint." (*Id.* at 962, 985.) The ALJ acknowledged these findings but found that it did not establish Plaintiff's condition as severe as alleged because he testified at his hearing that he could lift 35 pounds at one time. (*Id.* at 20, 41.) However, Plaintiff further testified that he could not do so repetitively, perhaps only for "15 or 20 minutes" at a time. (*Id.* at 41.) Nevertheless, the ALJ's ultimate conclusion that the August 15, 2014 MRI of Plaintiff's spine–the objective medical evidence that Dr. Fiel explicitly based his opinion on (*id.* at 340)–was not consistent with subsequent treatment notes, which–as discussed–did not note ongoing problems with Plaintiff's spine. The Court acknowledges that the evidence could potentially yield a different interpretation and conclusion; however, it defers to the ALJ's because it is supported by substantial evidence as discussed. *Trevizo*, 871 F.3d at 674–75.

In addition, the ALJ found that the opinion was unsupported by "the remainder of the record." (*Id.* at 22.) In discerning the ALJ's path here, the Court references other findings made by the ALJ in determining whether substantial evidence supports this conclusion. *See Treichler*, 775 F.3d at 1099 (stating that an ALJ does not err if his path "may reasonably be discerned, even if the [ALJ] explains [his] decision with less than ideal clarity"). Earlier in the decision, the ALJ found that Plaintiff's "level of activity is minimally limited, and cannot be reconciled with the considerable severity alleged." (*Id.* at 21.) In concluding such, the ALJ had noted that Plaintiff "testified he is able to help his wife with vacuuming," "drive regularly, trim trees[,] and use a blower as long as he is not

bending." (*Id.* at 19.)  The ALJ found that Plaintiff's ability to engage in these activities "suggests [his] current over the counter medication adequately controls [his] pain."[7] (*Id.*) Other records cited by the ALJ indicate that even prior to his January 2015 spinal surgery, Plaintiff experienced "70% relief" of pain from injection therapy in December 2014. (R. 348, 354; *see* R. at 22 (citing R. at 345–74).)  Notably, nowhere in his Opening Brief does Plaintiff dispute the validity of these findings or the discount of his own allegations on their account. (*See* Pl. Br.)  As such, the Court presumes the validity of the ALJ's findings and discount of Plaintiff's statements on their account (R. at 19–21).  *See Carmickle*, 533 F.3d at 1161 n.2 (declining to address a finding by an ALJ because the claimant "failed to argue the issue with any specificity in his briefing"); *Kim*, 154 F.3d at 1000 ("[The Court] will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief."); *see also* LRCiv 16.1(a) ("Plaintiff's opening brief must set forth *all* alleged errors.") (emphasis added).

Therefore, Dr. Fiel's opinion was properly discounted because of its lack of support from the objective medical evidence it was purportedly based upon (the August 15, 2014 MRI) as well as its inconsistency with other evidence in the record noted by the ALJ. *See* 20 C.F.R. §§ 404.1527(c)(3)–(4); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) ("[A]n ALJ may discredit . . . opinions that are conclusory, brief, and unsupported by the record as a whole . . . or by objective medical findings.") (internal citation omitted).[8]

///

---

[7] The only medication Plaintiff reported taking for pain was aspirin. (R. at 19, 39.)

[8] The Court rejects Plaintiff's argument that the ALJ "improperly substituted his opinion for that of [Plaintiff's] physicians." (Pl. Br. at 16.)  The ALJ is specifically charged to "assess [a claimant's] residual functional capacity based on all of the relevant medical and other evidence," 20 C.F.R. § 404.1545(a)(3), and to evaluate medical opinion evidence according to applicable regulatory standards, *see* 20 C.F.R. § 404.1527.  The discharge of these regulatory duties is not tantamount to rendering a medical opinion. *See Schott v. Comm'r of Soc. Sec. Admin.*, No. CV-19-00389-PHX-JJT, 2019 WL 5782324, at *5 (D. Ariz. Nov. 6, 2019).

**3.    The ALJ properly rejected Ms. Moore's opinion on disability.**

Next, the ALJ considered the opinion of physician assistant, Claire Moore.[9] (R. at 22, 795.) The ALJ likewise assigned "little weight" to Ms. Moore's opinion. (*Id.* at 22.) As with the opinion of Dr. Fiel, the ALJ found Ms. Moore's opinion "rel[ied] heavily on the subjective report of symptoms and limitations provided by [Plaintiff], and the totality of the evidence does not support the subjective complaints." (*Id.*) Because this reason is identical to the reason for rejecting Dr. Fiel's opinion–which the Court found valid–it follows that it was also a "germane" reason here to reject Ms. Moore's opinion. Accordingly, the Court finds no error.

**4.    The ALJ properly relied upon the reviewing physicians' opinions.**

Plaintiff argues that the ALJ erred in affording "great weight" to the opinions of the non-examining physicians who reviewed his application, arguing that their opinions could not constitute "substantial evidence" as a matter of law. (Pl. Br. at 16; R. at 23.) Contrary to this assertion, the Ninth Circuit has expressly stated that "[t]he opinions of non-treating or non-examining physicians may . . . serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas*, 278 F.3d at 957.[10] Here, the ALJ found that the reviewing physicians' opinions were

---

[9] The Court rejects Plaintiff's assertion that Ms. Moore's opinion was co-signed by her supervising physician, Dr. Crandall, and thus should have been considered as an opinion of an "acceptable" medical source. (Pl. Br. at 15; Reply at 4 n.3.) Contrary to Plaintiff's assertion, the opinion unambiguously states that it was "Electronically signed on 04/27/2015 by Claire Moore, PAC." (R. at 795.) Indeed, Ms. Moore's initials appear under her name, which the Court construes as her electronic signature. (*Id.*) While Dr. Crandall's name appears on the document, his initials–*i.e.*, his electronic signature–do not, nor does the document unambiguously state–as it does with Ms. Moore–that he signed it. Documents which do state that Dr. Crandall signed them bear his initials underneath his name. (*See, e.g.*, *id.* at 747.) Thus, there is no ambiguity with respect to who rendered and signed the document at issue. Ms. Moore's electronic signature, standing alone, speaks for itself. Accordingly, the ALJ did not err in failing to consider it as an opinion from an "acceptable" medical source.

[10] In support of his inaccurate assertion, Plaintiff cites *Knorr v. Berryhill*, 254 F. Supp. 3d 1196, 1213 (C.D. Cal. Jun. 2, 2017). However, *Knorr* is actually consistent with the holding of *Thomas* as the *Knorr* court stated, "The nonexamining physicians' conclusion,

Case 2:18-cv-03240-SMB Document 20 Filed 10/05/20 Page 10 of 10

"consistent with" other evidence in the record, namely, "the persuasive objective evidence and [Plaintiff's] activities of daily living." (R. at 23.) Notably, Plaintiff does not dispute the validity of these findings. (*See* Pl. Br.) As such, the Court finds no error in the ALJ's reliance on the reviewing physicians' opinions in his RFC finding.

### B. The ALJ Did Not Err In Failing To Pose A Hypothetical To The VE Based On Properly Rejected Evidence.

Lastly, Plaintiff alleges that the ALJ erred by failing to pose a hypothetical based on the limitations opined to by Dr. Fiel to the VE at the hearing. (Pl. Br. at 17–19.) However, because Dr. Fiel's opinion was properly rejected as discussed above, the ALJ was not obligated to pose a hypothetical to the VE based on the limitations within it. *Batson*, 359 F.3d at 1197 (holding that an "ALJ [is] not required to incorporate evidence from the opinions of [a claimant's] treating physicians, which were permissibly discounted").

**IT IS THEREFORE ORDERED**, **affirming** the decision of the Commissioner and directing the Clerk of Court to enter judgment accordingly and terminate this case.

Dated this 2nd day of October, 2020.

Honorable Susan M. Brnovich
United States District Judge

---

*with nothing more*, does not constitute substantial evidence . . . ." *Id.* (emphasis added). In other words, so long as there is *other evidence* in the record that supports a reviewing physician's opinion–as is the case here–the opinion may serve as substantial evidence.

- 10 -